UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 12-58-DLB**

**CHARLOTTE ANN LUNSFORD**                                                                 **PLAINTIFF**

**VS.**                          **MEMORANDUM OPINION AND ORDER**

**STEPHEN J. ELSBERND, ET AL**                                                            **DEFENDANTS**

\* \* \* \* \* \* \* \* \*

## I.   INTRODUCTION

Plaintiff Charlotte Ann Lunsford commenced this *pro se* lawsuit against Defendant Stephen J. Elsbernd, Assistant Kenton County Attorney, asserting violations of her constitutional rights, including malicious prosecution, and seeking an injunction to prohibit Elsbernd from pursuing the alleged malicious prosecution.  (Docs. # 1, 5).  Upon reviewing the Complaint, the Court ordered that the Clerk issue a summons and serve a copy of the Complaint on Defendant Elsbernd.  (Doc. # 8).  Thereafter, Plaintiff filed a "Notice of Correction Amendment," which the Court construes as an Amended Complaint, adding additional claims, including a violation of the Americans with Disabilities Act (ADA), against Defendants Kentucky Cabinet for Health and Family Services (CHFS) and Kenton County. (Doc. # 12).  These parties have yet to be served with a copy of the Complaint or Amended Complaint.

This matter is before the Court on Defendant Elsbernd's Motion to Dismiss, or in the Alternative for Summary Judgment (Doc. # 13).[1] The motion has been fully briefed (Docs. # 14,16), and the matter is now ripe for review. For the reasons set forth below, Defendant's motion is **granted**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Lunsford is the biological mother of a female minor, S.A. (Doc. # 1, at ¶ 4). Lunsford has a learning disability and an IQ of 62. (*Id.* at ¶ 3). At a hearing on October 14, 2008, Lunsford temporarily lost custody of her child, and the Kenton Family Court ordered that custody be given to Lunsford's aunt, Theresa Lunsford. (Docs. # 1, at ¶ 4; # 1-1, at 18). The Court also ordered that Lunsford pay child support in the amount of $195.00 per month, effective November 1, 2008. (Docs. # 1, at ¶ 4; # 1-1, at 18). However, according to Lunsford, no signed order to this effect was ever entered with the Court.[2] (Doc. # 1, at ¶ 4). Thereafter, on April 2, 2009, the court ordered that Theresa Lunsford be given permanent custody of the child. (*Id.*). In December 2009, Lunsford's relationship with her aunt "soured," and she was not allowed to see or visit her daughter. (Doc. # 5, at ¶ 4).

On November 23, 2009, the Office of the Kenton County Attorney filed a misdemeanor criminal complaint against Lunsford alleging that she failed to provide support for her daughter in accordance with a court order issued by the Kenton Family Court. (Doc. # 1-1, at 20). The complaint alleged that, as of October 31, 2009, Lunsford's current

---

[1] Despite Defendant's submission of documents outside the pleadings, the Court finds that the consideration of those documents is not necessary to adjudicate the pending motion. Therefore, the Court will exclude the extrinsic exhibits submitted by Defendant and treat the motion as a motion to dismiss pursuant to Rule 12(b)(6).

[2] Indeed, the supposed court order, which Defendant attaches to his motion to dismiss, does not contain any notation that it was ever entered by the Kenton Circuit/District Court Clerk.

arrearage was $1,150.00. (*Id.*). The affiant testifying to the truth of these allegations was Lori Brockell. (*Id.*). The misdemeanor complaint was reviewed by Kenton District Court Judge Douglas Grothaus, and he issued a warrant for Lunsford's arrest. (*Id.*).

In May 2010, upon learning that Lunsford had moved to Tennessee, Elsbernd requested that the State of Tennessee begin enforcement efforts against Lunsford for her failure to pay child support. (Doc. # 1, at ¶ 5). Lunsford alleges that because there was no court order requiring her to pay child support, Elsbernd "committed fraud, perjury and falsified records, by lying to" Kenton Family Court Judge Lisa Bushelman to obtain an "illegal" Order & Judgment of Support on May 19, 2010 that memorialized the support obligations decided at the October 14, 2008 hearing and effective as of November 1, 2008.[3] (Docs. # 1, at ¶ 5; # 1-1, at 18-19; # 12, at 2). The Order & Judgment of Support was entered by the Kenton Circuit/District Court Clerk on May 22, 2010 and later filed in the Tennessee action on November 10, 2010. (Doc. # 1-1, at 18-19). On April 25, 2011, the Tennessee petition for child support was dismissed because "the Court [was] advised that [Lunsford] has moved back to Kentucky and Kentucky has requested we close our case as they will be enforcing their order themselves." (*Id.* at 17).

Meanwhile, Lunsford had retained private counsel, Thomas R. Kerr, to file a motion in Kenton Family Court requesting that her child support obligation be suspended and that the Court vacate the original Order of child support pursuant to Kentucky Rule of Civil Procedure 60.02(f). (Doc. # 1-1, at 14-15). On August 11, 2011, Judge Christopher J.

---

[3] In his motion to dismiss, Elsbernd states that the State of Tennessee requested issuance of a separate order detailing only the child support obligation because the original order also dealt with matters of dependency, abuse and neglect. (Doc. # 13, at 3). However, this statement is not supported by any accompanying evidence of record and is outside the allegations contained in Plaintiff's Complaint. Accordingly, the Court will not consider it at the motion to dismiss stage.

3

Mehling entered an Order modifying Lunsford's obligation to pay child support from $195.00 to $60.00 per month based on a finding that Lunsford has "a full-scale IQ of 62 with significant adaptive deficits in communication and socialization [and] is unable to be gainfully employed." (*Id.*). Additionally, Lunsford was ordered to pay $10.00 per month toward any arrearage. (*Id.*). The Court denied the motion to vacate the original child support Order because it does not have the power to modify or vacate child support retroactively. (*Id.*). Lunsford appealed the Court's Order, which is currently pending before the Kentucky Court of Appeals. (Doc. # 1-1, at 21). On October 19, 2011, Lunsford was arrested on the 2009 warrant for non-payment of child support.[4] (Doc. # 1, at ¶ 8). Lunsford alleges that her claims include violations of her 4th, 5th, 6th, 8th, and 14th amendment rights, malicious prosecution and a violation of the ADA. (Doc. # 12, at 1-2).

### III. ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a Rule 12(b)(6) motion to dismiss, this Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's

---

[4] It is unclear whether the misdemeanor non-support charges are currently pending against Lunsford. In his motion to dismiss, Elsbernd states that "the Kenton County Attorney exercised its discretion to suspend further enforcement efforts against Plaintiff ... ." (Doc. # 13, at 4). However, there is no evidence in the record to confirm this statement.

4

favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citations omitted). The Court, however, is not bound to accept as true unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), or legal conclusions unsupported by well-pleaded facts. *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 950 (6th Cir. 1990). Furthermore, *pro se* complaints are held to less stringent standards than those drafted by attorneys. *Wagenknecht v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) (quoting *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983)).

To survive a motion to dismiss, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**B.  Prosecutorial Immunity**

Defendant argues that he is protected from suit by absolute prosecutorial immunity, and therefore any claims asserted against him should be dismissed. The doctrine of prosecutorial immunity provides that state prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). To determine when a prosecutor is acting within the scope of his prosecutorial duties, the Court employs a "functional approach." *Burns v. Reed*, 500 U.S. 478, 486 (1991). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the

criminal process." *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993)). For example, a prosecutor was found to be immune from suit for allegedly soliciting false testimony from witnesses and participating in a probable cause hearing that led to the issuance of a search warrant, but not for giving legal advice to police officers regarding the use of hypnosis as an investigative technique and the existence of probable cause to arrest. *Burns*, 500 U.S. at 487-96.

As a general rule, prosecutors enjoy absolute immunity for acts taken "in initiating a prosecution and in presenting the State's case." *Vakilian v. Shaw*, 302 F. App'x 350, 357 (6th Cir. 2008) (quoting *Imbler*, 424 U.S. at 431). Absolute prosecutorial immunity also attaches to "administrative or investigative acts necessary for a prosecutor to initiate or maintain a criminal prosecution." *Id.* at 358 (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446-47 (6th Cir. 1997)). Therefore, the decision to file a criminal complaint and obtain an arrest or search warrant are quasi-judicial duties necessary to initiating a criminal prosecution and are protected by prosecutorial immunity. *Id.*

In the instant case, Plaintiff's claims against Elsbernd clearly relate to his conduct in his role as an advocate for the Commonwealth of Kentucky, i.e., initiating and pursuing a criminal prosecution for misdemeanor non-support, and thus he is entitled to absolute prosecutorial immunity. Plaintiff claims that because Elsbernd was acting outside of his authority by causing an arrest warrant to issue based on "fraud, falsifying facts, and perjury," he is not protected by absolute prosecutorial immunity. (Doc. # 14, at 3). Plaintiff's argument is without merit.

Whether or not a warrant was supported by probable cause is not determinative of whether prosecutorial immunity applies. *Howell v. Sanders*, 669 F.3d 344, 350 (6th Cir. 2012). "The dividing line is not ... the point of determination of probable cause. Instead, the dividing line is the point at which the prosecutor performs functions that are intimately associated with the judicial phase of the criminal process." *Prince v. Hicks*, 198 F.3d 607, 614 (6th Cir. 1999). Even assuming there was never a court order requiring Plaintiff to pay child support, and therefore probable cause did not exist for her arrest, Plaintiff has not presented any facts that indicate Elsbernd ever acted outside the scope of his prosecutorial duties. She has merely alleged that he initiated a criminal complaint and prosecuted her for misdemeanor non-support. As stated above, prosecutors enjoy absolute immunity for acts taken in initiating and maintaining a criminal prosecution. *Vakilian*, 302 F. App'x at 357.

The only way Elsbernd would not be entitled to absolute immunity is if he acted as a "complaining witness" in filing the complaint and obtaining the issuance of an arrest warrant. In *Kalina v. Fletcher*, 522 U.S. 118 (1997), the Supreme Court held that when a prosecutor acts as a complaining witness, she cannot be protected by absolute prosecutorial immunity. In that case, the state prosecutor initiated criminal proceedings against the defendant by filing an unsworn information and a motion for an arrest warrant. 522 U.S. at 120-21. Pursuant to state law, the arrest warrant required supporting sworn statements. *Id.* at 121. Therefore, the prosecutor summarized the evidence supporting the charge, including the evidence in the unsworn statements, in a "Certification for Determination of Probable Cause," and she personally vouched for the truth of the facts under penalty of perjury. *Id.* Based on two inaccurate statements in the certification, the

7

defendant brought a § 1983 action against the prosecutor, alleging that she violated his constitutional right to be free from unreasonable seizures. *Id.* at 121-22. The Court found that the prosecutor's preparation and filing of the unsworn information and motion for a search warrant were protected by absolute immunity, because she was acting as an advocate of the state in the judicial process. *Id.* at 129. However, her attestation of the truth of the facts in the sworn certification was not protected by absolute immunity, because, in doing so, she stepped out of her function as an advocate. *Id.* at 130-31. The complaining witness exception does not apply in this instance because Elsbernd did not swear to the truth of the facts in the criminal complaint. (Doc. # 1-1, at 20). Therefore, he is entitled to absolute prosecutorial immunity.

One final matter deserves brief comment. After filing her response to Defendant's motion to dismiss, Plaintiff filed a Motion to Stay the Proceedings "until she regains her mental ability to pursue her claim ... [because] she has not the mind to proceed in such proceedings without assistance of counsel, and because she is unable to meaningfully represent herself ... ." (Doc. # 18, at 1). Defendant has filed a response in opposition to the motion. (Doc. # 19). Given that Plaintiff's claims against Elsbernd are without merit because they are barred by absolute prosecutorial immunity, the Court need not stay the case until Plaintiff regains the mental ability to pursue her claims or retains counsel. Furthermore, after the filing of her motion to stay, Plaintiff filed yet another *pro se* complaint against various state actors, *Lunsford v. Haynes, et al.*, Covington Civil Action No. 12-CV-136-DLB, which has also been assigned to the undersigned. In light of Plaintiff's continued efforts to instigate proceedings in this Court, no cause exists to stay this proceeding that she initiated. Consequently, Plaintiff's Motion to Stay Proceedings (Doc. # 18) is **denied**.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant's Motion to Dismiss (Doc. # 13) is hereby **GRANTED**;

(2) Plaintiff's claims against Defendant Stephen J. Elsbernd are hereby **DISMISSED WITH PREJUDICE**;

(3) Plaintiff's Motion to Stay the Proceedings (Doc. # 18) is hereby **DENIED**;

(4) All other pending motions (motion for injunction and for appointment of counsel) are hereby **DENIED**.

This 29th day of June, 2012.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2012\12-58 MOO granting MTD.wpd